**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4092**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GORDIE LEROY PENSON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:15-cr-00007-MR-DLH-1)

_____

Submitted: March 21, 2017                         Decided: April 5, 2017

_____

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordie Leroy Penson appeals his convictions for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); knowingly and unlawfully discharging a firearm in furtherance of a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). After consideration of Penson's claims, we affirm.

Penson first argues that the district court plainly erred when it failed to require the Government to comply with the court's discovery order and disclose exculpatory evidence in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963). Because Penson did not raise this objection below, our review is for plain error. To establish plain error, Penson must show that (1) an error exists, (2) the error is plain, and (3) the error affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). If a defendant satisfies those conditions, then we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (alterations and internal quotation marks omitted).

In order to prove a *Brady* violation, (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) "that evidence must have been suppressed by the [s]tate, either willfully or inadvertently"; and (3) the evidence must be material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see id.* at 280. Here, Penson does not identify any favorable evidence that the Government failed to disclose, nor does he show how such evidence might be material to his case. *See United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) ("Because [defendant] can only

2

speculate as to what the requested information might reveal, he cannot satisfy *Brady*'s requirement of showing that the requested evidence would be favorable to [him]."). Thus, we reject this claim.

Penson further argues that comments the Government made during closing argument prejudiced him. Our review is for plain error. For claims of prosecutorial misconduct during closing argument, "an appellant must show that the remarks were improper and that they prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." *United States v. Rand*, 835 F.3d 451, 465 (4th Cir.) (internal quotation marks omitted) (stating factors courts consider), *cert. denied*, 137 S. Ct. 525 (2016).

Penson does not show that the district court plainly erred when it allowed the Government to comment during closing argument regarding possible ownership of a cell phone found near the scene of the robbery. Assuming *arguendo* that the Government's comments relating to information retrieved from the cell phone were improper, Penson does not establish prejudice. Absent the remarks about the cell phone, the remaining evidence at trial, particularly when viewed in the light most favorable to the Government, established Penson's guilt. Thus, the district court did not plainly err.

Penson also argues that the Government presented insufficient evidence to identify him as the robber, so the district court erred when it submitted his case to the jury. "In evaluating the sufficiency of the evidence to support a criminal conviction, we must determine—viewing the evidence and all of the inferences reasonably to be drawn from it in the light most favorable to the Government—whether a reasonable trier of fact could

3

have found the defendant guilty beyond a reasonable doubt." *United States v. Hughes*, 401 F.3d 540, 544-45 (4th Cir. 2005) (internal quotation marks omitted). "[I]n sufficiency challenges our focus is the complete picture that the evidence presents." *United States v. Strayhorn*, 743 F.3d 917, 921-22 (4th Cir. 2014) (internal quotation marks omitted). Penson bears a heavy burden, as "[a]ppellate reversal on grounds of insufficient evidence . . . [is] confined to cases where the prosecution's failure is clear." *United States v. Clarke*, 842 F.3d 288, 297 (4th Cir. 2016) (citations and internal quotation marks omitted).

Contrary to Penson's assertion on appeal, the Government established an effect on interstate commerce through a stipulation of that element by the parties. Additionally, the record refutes Penson's contention that the evidence did not prove he committed the robbery. The evidence presented at trial showed the following: within minutes of the robbery, officers found Penson hiding in trees and bushes on the property of the restaurant that was robbed; eyewitnesses saw Penson leave the restaurant and run toward the trees and bushes; officers found a bag containing a .45-caliber pistol near Penson and ammunition inside the restaurant's office; Penson tested positive for gunshot residue on his hands at the time of his arrest; officers found near Penson a large amount of cash and clothing consistent with the eyewitnesses' descriptions of the robber's attire; and officers found cell phones with connections to Gordie Penson near the scene of the crime. When viewed in the light most favorable to the Government, even in the absence of DNA or fingerprint evidence, the jury could reasonably conclude that Penson was the person who

robbed the restaurant. Thus, the district court did not plainly err by submitting the case to the jury.

Finally, Penson argues that trial counsel provided ineffective assistance by failing to raise objections in the district court, which resulted in this court reviewing his claims for plain error. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 688 (1984) (providing standard), we decline to review this claim on direct appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*